EDWARD DAVIS, Respondent,

*vs.*

STODDARD JUDD, Appellant,

APPEAL FROM THE DODGE CIRCUIT COURT.

The action of covenant can only be maintained on an instrument under seal.

The recital in a conveyance, that the same is "signed, *sealed* and delivered," &c., does not estop the grantor from insisting upon the want of a seal, where none in fact exists.

Where a grantor, signing a warranty deed, neglects to affix his seal, the action for a breach of the covenants contained in the instrument should be assumpsit, and not covenant.

*It seems*, that the grantee of land under a deed containing a covenant of warranty, who executes contemporaneously with the deed a mortgage to the grantor for unpaid purchase money, is not precluded by the existence of the outstanding mortgage, from recovering upon his covenants, in case of eviction.

The respondent, Davis, brought an action of covenant in the Circuit Court of Dodge County against the appellant, Judd, upon the covenant of warranty in a deed of real estate executed by the appellant and wife to the respondent.

The action was brought before the taking effect of the present code of practice, but came to this court since the taking effect of this code.

The declaration was in the usual form, alleging that the covenant was made by the defendant alone. The plea was *non est factum*, with a notice attached, that at the time of making the deed, mentioned in the declaration, the plaintiff duly executed and delivered to the defendant a mortgage of the premises described in the declaration, for the sum of one hundred and seventy-five dollars—part of the purchase money.

Upon this issue the cause was tried before the Circuit Judge, a jury having been waived by the parties, and the plaintiff in-

Davis vs. Judd.

troduced in evidence, in proof of the covenant, a warranty deed of the usual form, *but without a seal,* and containing covenants made by the defendant and his wife, jointly. The deed contained the usual recital that the grantors had thereto "set their hands *and seals,* &c.

The defendant, by his counsel, objected to the introduction of the deed in evidence, because,

1st. The instrument was not under seal.

2d. That the covenant, as averred in the declaration, was by the defendant alone ; whereas, the covenant in the deed offered was the joint covenant of the defendant and his wife.

The Circuit Judge overruled these objections, and admitted the deed, to which ruling the defendant excepted.

The defendant then called a witness, by whom he proved that the consideration money of the land conveyed in the deed was three hundred dollars; and that the defendant then gave in evidence the note and mortgage for $175, made at the date of the deed, by the grantee to the grantor, to secure part of the purchase money; and admitted that the plaintiff had been evicted from the premises by a superior title.

The Circuit Judge gave judgment for the plaintiff for the amount of the purchase money actually paid, and interest from the date of the covenant, and assigned the following reasons, as his conclusions of law upon the facts proved ; " That the defendant cannot take advantage of the want of a seal to the deed, but the same must be regarded, as between these parties, as a good and sufficient warranty deed. Second, the plaintiff is entitled to recover of and from the said defendant the sum of one hundred and fifty-eight dollars and ten cents, together with interest at seven per cent for a term of six years, amounting in the whole to two hundred and twenty-four dollars and fifty-two cents."

*D. J. Pulling* for appellant, (plaintiff in error), made the following points :

I. A sells land to B, with covenants of warranty, who gives a mortgage back ; B cannot recover in an action for breach of

the covenant, upon eviction, because by the mortgage, the seizen is re-invested in A. *Kane vs. Sanger*, 14 J. R., 89; *Whitby vs. Mumford*, 5 Cow., 137; *Wheeler vs. Soheir's Exr.* 3 Cush 219; *Burden vs. Thayer*, 3 Met., 76; *McGoodwin vs. Stephenson*, 11 B. Mon. R., 21; *The Mayor vs. Blamire*, 8 East:, 487; *Cross vs. Robinson*, 21 Conn. 379; *Town vs. Needham*, 17 Eng. Law and Eq. R., 281; Rawl on Cov. of Title, 372, note.

II. The action of covenant will not lie upon a deed *not under seal*, notwithstanding the conclusion—"signed, *sealed* and delivered," &c. The action should be assumpsit. *Leroy vs. Beard*, 8 How. U. S. S. C. Rep., 451, and cases cited; *Andrew vs. Herriot*, 4 Cow., 508.

*Smith and Ordway* for defendant in error.

I. There was no error in allowing the deed to be read in evidence :

1st. Because it is presumed to be sealed,—the attestation clause so stating the fact to be, although no impression appears upon the paper. Mathew's Presumptive Ev., 39; 1 Phil. Ev., 451; 12 Wheat., 70; Dart on Vend., 161; Sugd. on Powers, 243, 242; *Regina vs. St. Paul*, 53 Eng. Com. Law R., 238.

2d. Because the defendant is estopped from denying that the same is sealed, on the ground of estoppel *in pais*, having signed, acknowledged and delivered an instrument which he asserts to be his deed; and having recieved the respondent's money, he cannot be allowed to controvert it. 1 Smith's Lead. Cas., 531, *et seq ; Dazell vs. Odell*, 3 Hill, 219; 3 Phil. Ev., 367, note; 1 Greenl. Ev., 28.

II. The outstanding mortgage, given by Davis to Judd for the balance of the purchase money, conveyed no interest in the land; it was a mere incident to the debt. *Fisher vs. Robinson*, 3 Chand., 93; 4 Kent, 163; Rev. Stat., 318, §3; Id., 569, §53; 4 Kent, 271, note 1.

III. There was no variance between the covenant alleged and the covenant proved; the wife of Judd joined in the covenant, but it was void as to her, and was properly declared

on as the several covenant of her husband. 15 J. R., 483; 17 Id., 166; 2 Kernan, 416; 5 Wis. 245.

*By the Court*, COLE J. The pleadings in this case were all made up and settled before the code took effect, and while distinction in common law actions was kept up and observed by the courts. And although it may be difficult to give a very solid or satisfactory reason for the rule, yet we believe the authorities do declare that an action of covenant upon an instrument not under seal, though it may contain the statement "signed, sealed and delivered," cannot be sustained. The following cases seem to decide that point. *Leroy vs. Beard* 8 How., 451; *Andrews and another vs. Heriot*, 4 Cow., 508.

It was insisted upon the argument of the cause, by the counsel for the respondent, that the appellant was estopped from denying that the instrument was sealed, on the ground of having signed, acknowledged and delivered the same as a deed and having received the respondent's money as part consideration for the land conveyed. We do not know of any case that has carried the doctrine of estoppel to this extent. The doctrine of estoppel is of course familiar to every lawyer, and it is not necessary to go into it. We do not think it can be so applied as to prevent the appellant from insisting that the action upon this instrument should have been assumpsit and not covenant.

Again, it was not contended that the court ought to presume that the instrument had a seal when executed, or in other words, presume a fact to exist which the court found did not exist. The court found that the instrument was not sealed, and this finding does away with all presumptions to the contrary. Although from the view which we have taken of this case, it does not become necessary to express an opinion upon other points made by the counsel for the appellant, it may not be improper for us to intimate, without giving our reasons therefor, that we are against the appellants upon those points.

Judgment reversed and new trial ordered.